MILTON J. MEYER, Plaintiff, *v.* JACOB STEIN, Also Known as JACK STEIN, Defendant.*

Supreme Court, Special Term, New York County, August 29, 1935.

*Albert T. Scharps,* for the plaintiff.

*Henry H. Held,* for the defendant.

DORE, J. This is a motion made by defendant to dismiss plaintiff's complaint on the ground that the plaintiff has not legal capacity to sue under subdivision 3 of rule 106 of the Rules of Civil Practice.

The action is brought by the plaintiff, a duly licensed real estate broker, to recover a penalty against the defendant, who is not licensed as a real estate broker, under section 442-e of article 12-A of the Real Property Law. The question presented is whether the plaintiff is a " person aggrieved " within the meaning of subdivision 3 of section 442-e of the Real Property Law, which states that the penalties therein provided " may be sued for and recovered by any person aggrieved and for his use and benefit, in any court of competent jurisdiction."

This statute, imposing a penalty, is penal in its nature, and under general rules of construction must be strictly construed against the person seeking to enforce the penalty and in favor of the one

---

* Affd., 247 App. Div. 865.

proceeded against. Where there exists any reasonable doubt whether the penal statute applies to a particular case, the party of whom the penalty is claimed shall have the benefit of the doubt.

Fairly construed, the legislative intent of this statute imposing a penalty of not more than four times the amount of the commission received by an unlicensed broker applies and extends only to such persons as are immediately and proximately injured by the very act prohibited and their privies.

If construed to permit the action to recover the penalty by other than the party injured directly by the payment of claimed real estate commissions, it would confer a right of action on persons other than those proximately damaged and injured by payments of brokerage commissions on a real estate transaction to a person who was not duly licensed as a real estate broker, and would be an improper and indefinite extension and make too broad the persons who could enforce the penalty, and indeed might result in several actions for the same penalty.

Here the party immediately injured was not this plaintiff, but (if the allegations are true) the lessor who paid the defendant, an unlicensed broker, a claimed commission. This plaintiff has lost no right or remedy he may be entitled to, as against his employer, the lessee, and there exists no privity between this plaintiff and the defendant, nor did this defendant practice any fraud upon plaintiff.

Plaintiff's loss and damage, if any, is not the necessary, immediate and proximate result of defendant's taking a commission from the lessor as a duly licensed real estate broker; on the other hand, plaintiff's loss and damage, if any, results from a breach of contract on the part of the lessee and the acts of the defendant, if done with knowledge of the contract claimed to exist between the lessee and this plaintiff.

Properly construed, this plaintiff is not a " person aggrieved " within the import and meaning of subdivision 3 of section 442-e of the Real Property Law, and the motion by defendant to dismiss on the ground that the plaintiff has not legal capacity to sue is granted and the complaint is dismissed, with costs of the action, together with ten dollars motion costs. Settle order on one day's notice on or before October 17, 1935.