Henry Clay Greenberg, J.
Plaintiff, real estate brokerage firm, has brought this action to recover damages for an alleged conspiracy whereby it was deprived of the opportunity to earn a substantial commission through its exclusion from the consummation of a lease transaction by alleged wrongful acts, including a kickback of commissions.
*853 It alleges in the first cause of action that, after receiving assurances that the advertising agency procured by it would obtain the requested space, the deal fell through because it failed to agree to split its commissions with the building renting agent and the owner; and that, thereafter said owner, renting agent, and prospective lessee conspired with another broker to put through the deal in the manner desired; resulting in the second broker receiving the full standard commissions, then paying part thereof as a kickback to the renting agent, the latter thereupon paying all or part to the owner, and the lessee paying the second broker and its vice-president a sum of money to reimburse them for the portion of their commissions paid to the renting agent and owner.
A second cause of action is alleged against the second broker alone and is based upon the alleged violation of section 442 of the Real Property Law. This section, which originally provided that no broker shall pay any part of a commission to any person for any service, help or aid rendered in the transaction unless he be a duly licensed real estate salesman employed by him or a duly licensed broker, was amended in 1941 (L. 1941, ch. 719), to provide, in addition, that no broker was to pay any part of a commission to a “ party to the transaction in which such fee, commission or other compensation shall be or become due to the broker ”. The specific violation here alleged against the second broker is the kickback to the owner, a “ party to the transaction ”. Plaintiff claims to be entitled to sue for a penalty up to four times the total amount of commissions received by the second broker, as purportedly provided in subdivision 3 of section 442-e of the Real Property Law.
In a third cause of action alleged solely against the vice-president of the second broker, plaintiff sues to recover a penalty up to four times the amount received by him from the lessee. It claims that he violated the provisions of section 442-a of the Real Property Law prohibiting a real estate salesman from receiving compensation from any persons other than the broker employing him for any service rendered in the transaction.
The second broker and its vice-president have now moved to dismiss the second and third causes as insufficient to constitute a cause of action against them.
Since both these causes are for a penalty provided by a statute which created a cause of action where none previously existed, its conditions must be closely followed and its terms strictly construed. Subdivision 3 of section 442-e provides: ' ‘ In case the offender shall have received any sum of money *854 as commission, compensation or profit by or in consequence of Ms violation of any provision of this article, he shall also be liable to a penalty * * * [up to four times the sum so received by him], which penalty may be sued for and recovered by any person aggrieved
A mere reading of this section indicates its inapplicability to this plaintiff’s claim in the second cause of a penalty against the second broker. The latter did not receive any money “ by or in consequence of his violation of any provision of this article ” but instead paid money when he kickbacked to the owner. The second broker received commissions for Ms services in connection with the lease, but this did not constitute a violation. It was the kickback which constitutes the alleged violation, and, as to that, the second broker did the paying, not the receiving.
Moreover, plaintiff does not qualify as “ any person aggrieved ” entitled to recover the penalty. Only such persons as are “ immediately and proximately injured by the very act prohibited ” may recover the penalty (Meyer v. Stein, 161 Misc. 91, affd. 247 App. Div. 865). The only one in a position to claim the penalty for the kickback to the owner alleged in the second cause is the second broker. The 1941 amendment apparently attempted to cover not only the splitting of commissions with a buyer but also the situation where a definite commission arrangement was made with an owner as a “ party to the transaction ” and the broker was subsequently compelled to return part thereof to the owner. Whatever the scope of the amendment, plaintiff’s loss and damage, if any, is not the proximate result of the owner’s subsequent receipt of tMs kickback (although, according to its version, its ultimate loss of this deal may be attributable to the owner’s insistence upon a kickback), but was due to the alleged conspiracy by which it was deprived of the opportunity to earn commissions. That cause of action still remains and evidence of the alleged kickback and proof of its being a violation of the statute may be adduced in that connection. The only question here involved is whether under these circumstances plaintiff is also entitled to maintain an additional or independent cause of action for a penalty. While the answer to this question must under the terms of the statute be in the negative, this does not mean that such alleged violators of the provisions against splitting of commissions are to be permitted to go unpunished. The statute provides, in addition to this civil penalty, that a violation constitutes a misdemeanor and for disciplinary measures against licensed brokers. The civil penalty was intended as an addi *855 tional deterrent against a violation, but was granted only to one who was directly injured by the prohibited act itself and only against one who actually received commission or profit by or in consequence of that act.
The third cause is likewise insufficient. Plaintiff obviously is not “ an aggrieved person ” with relation to the payment allegedly made by the lessee to the second broker’s vice-president. Plaintiff is not affected thereby, except for its bearing upon the conspiracy cause of action. Furthermore, an officer of a corporate broker is not entitled to be licensed as a real estate salesman (§ 441-b, subd. 2). Section 442-a endeavored to do away with the evil of a real estate salesman receiving compensation from any person other than his employer, an act which might cause him to take a position adverse to his employer’s interests and relationship to the contracting parties. It does not apply to officers of a corporate broker who are, in effect, the broker itself and not its employees. There is no provision in the statute dealing with licensed brokers which prohibits a broker from receiving compensation from a buyer or lessee as well as from the owner (and, at common law, so long as disclosure is made to both parties, the broker’s right to recover from both is not affected). Since there is no violation here involved, there can be no penalty.
The motion is accordingly granted. Settle order.