Aeon Steuee, J.
The precise point is one of first impression. Counsel, very expert in the field, have cited related actions but no case in point. The question involves the validity of the first cause of action which seeks recovery against the defendant Gross. The cause of action alleges that Gross was formerly a real estate salesman in the employ of plaintiff, a real estate broker. While so employed he performed services for Forsed Realty Corp. in leasing certain premises. He then left plaintiff’s employ and after leaving it demanded and received from Forsed the commissions on these leases.
Plaintiff’s claim is based on section 442-a of the Real Property Law, which forbids a real estate salesman to receive compensation from anyone other than the duly licensed real estate broker who is his regular employer. Subdivision 3 of section 442-e allows recovery from the salesman by “ any person aggrieved ” of a penalty, varying, in the discretion of the court, from the amount so received to four times that amount.
The sole question on this application is whether the broker-employer is a person so aggrieved. The section (§ 442-e, subd. 3) is not limited in its application to sums received by real estate salesmen. It covers all payments and receipts interdicted by article 12-A of the Real Property Law such as commissions paid unlicensed brokers and the like. As to these it has been held that a licensed broker who might rightfully have received the payment is not a person aggrieved under the statute (Meyer v. Stein, 161 Misc. 91, affd. 247 App. Div. 865; Williams & Co. v. Collins, Tuttle & Co., 4 Misc 2d 851). The difference between these cases and the one at bar is in the' instant case the services for which the salesman was paid were performed while the latter was in the employ of the plaintiff. Is this a distinction or merely a difference? To answer this question consideration must be given to the facts alleged and the rationale of the prior holdings. It is not claimed that the payments were made to the salesman under the impression that he was an agent of plaintiff and that he converted them to his own use. The suit is not for conversion of the funds *529 but for the statutory penalty. As pointed out in the cited cases, statutes prescribing a penalty must be strictly construed. A person aggrieved is generally one who has been deprived of a right by the act forbidden. The plaintiff here still has his rights against the owner of the building, in fact he is asserting them in another cause of action. The primary purpose of the statute is to protect the public by making and preventing unlicensed actors in the real estate field from recovering and making them pay a penalty in case they have already been paid. In any event the person paying is entitled to sue and if others are allowed to, the consequences would be beyond what the statute envisions. It follows that the reasoning of the cited cases applies with equal force to this situation and the first cause of action is invalid.
Motion granted.