Bernard S. Meyer, J.
In this action a resident of and taxpayer in Union Free School District No. 7, Town of North Hempstead, seeks to recover, on behalf of the School District, real estate commissions paid to the Great Neck Real Estate Board, Inc., in connection with the purchase of seven separate parcels of real estate. The School District is not a party, either plaintiff or defendant. Plaintiff agrees that his action is not brought under section 51 of the General Municipal Law, and, indeed, since a school district is not a municipality within the definition of section 2 of General Municipal Law, it could not be. (Schnepel v. Board of Educ., 302 N. Y. 94.) Plaintiff contends, however, that as a resident and taxpayer of the School District he is a “person aggrieved ” within the meaning of section 442-e of the Real Property Law and, since the defendant Real Estate Board was not licensed as a broker, that he may proceed under that section on behalf of the School District without joining it as a party. While its relevance to an action under section 442-e is not indicated, each of the seven causes of action also pleads that no services were performed by the board for the commission received. The Real Estate Board sets up as affirmative defenses the three-year Statute of Limitations, the requirements of section 51 of the General Municipal Law, and that plaintiff is not a 1 ‘ person aggrieved ’ ’ under the Real Property Law. Defendant now moves, pursuant to rules 106,107,112 and 113 of the Rules of Civil Practice, for dismissal of the complaint or summary judgment. Plaintiff cross-moves to dismiss the affirmative defenses. By a companion motion, defendant also seeks to vacate plaintiff’s demand for a bill of particulars. For the reasons hereafter indicated, the motion for summary judgment is granted and the complaint is dismissed. The cross motion and companion motion are, therefore, denied as academic.
The seven causes of action relate to transactions occurring June 21, 1949, December 3, 1951, February 6, 1953, March 8, 1954, December 17,1954, June 10,1958 and June 10,1958. Since the affidavits establish that the defendant corporation was not in existence on June 21, 1949 and documentary evidence shows *607 that it had a valid real estate broker’s license on December 3, 1951 and June 10, 1958, defendant is entitled to summary judgment on the first, second, sixth and seventh causes of action. Defendant is further entitled to summary judgment on the first and second causes of action, and in addition on the third, fourth and fifth causes of action, because they are barred by limitations. Plaintiff contends that he is seeking to recover for the School District funds which as to him as a taxpayer are trust funds and that, therefore, his cause of action did not accrue until he discovered their improper payment. The short answer is that, by hypothesis, this is not a taxpayer’s action. Even if it were, the taxpayer would stand in no better position than did the School District. (Marjohn Realty Co. v. City of Long Beach, 122 Misc. 763, 767, affd. 211 App. Div. 805, 860.) Were the School District, as a person aggrieved, to sue under section 442-e of the Real Property Law, the period of limitations applicable to an action by a private person would apply (Civ. Prac. Act, § 54). The action seeks recovery of quadruple the amount paid as commission, as permitted by section 442-e of the Real Property Law, and, as the language of that section makes clear, is for recovery of a penalty. Under subdivision 3 of section 49 of the Civil Practice Act, the three-year Statute of Limitations applies to 1 ‘ An action upon a statute for a penalty or forfeiture where the action is given to the person aggrieved or to that person and the people of the state, except where the statute imposing it prescribes a different limitation.” The Real Property Law prescribes no period of limitation.
Were summary judgment not being granted to defendant, the motion to dismiss the complaint under rule 106 of the Rules of Civil Practice would be granted, without leave to replead, for the complaint is insufficient under section 442-e of the Real Property Law. Subdivision 3 of that section provides that one who, without a license, receives a commission, shall be liable to a penalty of not less than the commission nor more than four times the commission 1 ‘ which penalty may be sued for and recovered by any person aggrieved and for his use and benefit,”. (Emphasis by the court.) The instant actions are brought by the taxpayer for the use and benefit of the School District. Such an action is not authorized by section 442-e of the Real Property Law. The section gives the cause of action to the ‘ ‘ person aggrieved ” but, by limiting the action to one brought for that person’s own use and benefit and the minimum recovery to the full commission, excludes from the definition of a “person aggrieved” a taxpayer. To adopt plaintiff’s version of the statute would give to every taxpayer in the district the right *608 to recover from one to four times the total commissions paid, a result obviously not intended. A “person aggrieved” has rights not only under the Real Property Law, but under section 258 of the Agriculture and Markets Law; section 267 of the Town Law; section 179-b of the Village Law; sections 251 and 290-b of the Tax Law; in an article 78 proceeding, and doubtless under other statutes and in other types of action. Neither the cases that have construed that term under section 442-e of the Real Property Law (Meyer v. Stein, 161 Misc. 91, affd. 247 App. Div. 865; Williams & Co. v. Collins Tuttle & Co., 6 A D 2d 302, 311; Studley, Inc. v. Geisinger, 12 Misc 2d 527, affd. 7 A D 2d 844), nor any that the court has found in connection with the other laws enumerated above accord to a taxpayer who shows no special interest or damage to himself the status of a person aggrieved. The Legislature may seek to protect public interest by giving a cause of action for the enforcement of a civil penalty to a “person aggrieved,” to the People of the State, or to a common informer (see Civ. Prac. Act, § 52). It may also authorize the bringing of a taxpayers’ action for that purpose'. (General Municipal Law, § 51; Second Class Cities Law, § 22.) Where the statute in question gives the cause of action to a “ person aggrieved ” (and a fortiori, where the cause is given to a “ person aggrieved for his own use and benefit ”) rather than to a taxpayer or a common informer, an interest more proximate, direct and individual than the payment of taxes to a municipality involved in the transaction is required of the person who brings the action for the penalty. (Meyer v. Stein, supra; see Bayport Civic Assn. v. Koehler, 138 N. Y. S. 2d 524, 530.)
The complaint also alleges that no services were performed for the commissions paid, which defendant, of course, denies. In view of that allegation, however, and the arguments set forth in plaintiff’s brief predicated on the taxpayer’s claimed right to bring an action for waste on the theory that School District funds are trust funds, it is not amiss to note that this action is not, and as above indicated could not be, brought under section 51 of the General Municipal Law, and that in New York no common-law taxpayer’s action is recognized. (Olmsted v. Meahl, 219 N. Y. 270; Altschul v. Ludwig, 216 N. Y. 459, 464; 20 Carmody-Wait, New York Practice, p. 96; Thomson, Taxpayers Actions [1900], p. 12.) This, of course, does not mean that there is no remedy, if in fact there is or has been waste of School District funds. Not only may a taxpayer seek the aid of the Commissioner of Education with respect to a claimed improper practice (Education Law, §§ 306, 310), but also an *609 action may be brought by the Attorney-General on behalf of the People under the provisions of article 76 of the Civil Practice Act. They are “ the sole guardian[s] of the public interest in such a case.” (Matter of City of New York v. New York University, 3 A D 2d 954.) It is to those officials to whom plaintiff should turn, if in fact a cause for complaint exists. Short-form order signed.