Mario Pittoni, J.
Motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is denied.
The complaint alleges: that the plaintiffs in November, 1958 listed real property with defendant Joseph C. Kleinman for sale at a price of $14,700; that thereafter the property was sold for $14,300 to one “Ellen Kaufman,” who was in fact Ellen Kleinman,-the wife of the defendant Joseph C. Kleinman; that said relationship of the defendants was unknown to the plaintiffs; that a real estate brokerage commission ($615) was paid to said Joseph O. Kleinman; that within six months after the sale to “ Ellen Kaufman ” the property was resold by “ Ellen Kaufman ” for a sum $2,303.73 in excess of the sum received by the plaintiffs. Allegations contending that the defendants conspired to deceive the plaintiffs and that defendant Joseph C. Kleinman violated a rule number 4 of rules adopted by the Secretary of State for the better administration of article 12-A of the Real Property Law are also pleaded. The plaintiff seeks damages for a violation of article 12-A, as provided by section 442-e of the Real Property Law. . ,
*282 I find that the complaint states a cause of action, not under the aforesaid statute (Real Property Law, art. 12-A), but for the damages resulting from the fraudulent acts of the defendants in not disclosing their relationship to the plaintiffs and in receiving a commission ($615) to which the defendant Joseph Klein-man was not entitled. A broker is required, in the performance of his duties, to exercise the utmost good faith and loyalty and not to act in any manner inconsistent with its agency or trust (Lamdin v. Broadway Surface Adv. Corp., 272 N. Y. 133; Wendt v. Fischer, 243 N. Y. 439). “ A failure to disclose any interest tending to influence the plaintiff [the broker] in its conduct in obtaining and negotiating [a sale] constitutes a breach of its fiduciary obligation and precludes it from recovering for services rendered (Murray v. Beard, 102 N. Y. 505) ” (John J. Reynolds, Inc. v. Snow, 11A D 2d 653-654, affd. 9 N Y 2d 785). Therefore, the plaintiffs are at least entitled to a recovery of $615, if the facts alleged in the complaint be true. The fact that relief is sought in the same cause of action under article 12-A of the Real Property Law, which is not available to them for a violation of the rules of the Secretary of State, does not warrant a dismissal of the complaint. Alternative theories or causes of action are not pleaded.