2 PARK AVENUE ASSOCIATES, Respondent, *v.* CROSS & BROWN COMPANY et al., Appellants.

First Department, November 27, 1973.

*Martin Kleinbard* of counsel (*Anthony M. Radice* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellants.

*Harvey S. Feuerstein* of counsel (*Paul R. Herman* with him on the brief; *Herrick, Feinstein, Mendelson & Abramson,* attorneys), for respondent.

McGivern, J. P. The question for decision goes to the scope of subdivision 3 of section 442-e of article 12-A of the Real Property Law.

Article 12-A of the Real Property Law deals with the license requirements, qualifications, regulations and procedures relative to real estate brokers and salesmen. And its principal aim seems to be the interdiction of acting and receiving commissions by real estate brokers who do not have a license. Subdivision 3 of section 442-e provides that " any person aggrieved " may seek a penalty from the unauthorized malefactor, the penalty ranging from the unlawful sum received to four times that amount.

The plaintiff herein, 2 Park Avenue Associates, is the leasehold owner of an office building known as 2 Park Avenue; it had retained the defendant, Cross & Brown, as managing and leasing agents for the structure. In the seven causes of action, set forth in its complaint, the plaintiff alleges that Cross & Brown were false in their fiduciary duties in that they fraudulently participated in arranging the relocation of two prime tenants from 2 Park Avenue to two other buldings in which Cross & Brown had a profitable relationship, and that as a result the defendant

realized commissions in the sum of $700,000. Accordingly, plaintiff "demands that a penalty equal to four times the sum of such commissions * * * to wit, the sum of at least $2,800,000 be imposed upon defendants and recovered by plaintiff" as a penalty permitted by subdivision 3 of section 442-e of the Real Property Law.

Cross & Brown moved at Special Term (ASCIONE, J.) to dismiss the seventh cause of action (for the statutory penalty), and the court, by order entered December 22, 1972, denied the motion and upheld the cause of action as one sufficiently pleaded. We disagree.

In our view, the statute, subdivision 3 of section 442-e involves a penalty, and within the design of article 12-A of the Real Property Law, it is also penal in nature, since section 442-e provides for criminal punishment as well. As such it must be strictly construed, and we must be conservative in our treatment of it. (*Galbreath-Ruffin Corp.* v. *40th And 3rd Corp.*, 25 A D 2d 114, 124.) And such has been the rationale of prior holdings. In a cognate case, our brother STEUER, while at Special Term, in *Julien J. Studley, Inc.* v. *Geisinger* (12 Misc 2d 527, affd. 7 A D 2d 844), prevented a licensed broker from obtaining the quadruple penalty in a suit against his former employee, a salesman who had unlawfully received a commission directly from the principal to the transaction. Said STEUER, J. (p. 529): "The primary purpose of the statute is to protect the public by making [sic] and preventing unlicensed actors in the real estate field from recovering and making them pay a penalty in case they have already been paid. In any event the person paying is entitled to sue and if others are allowed to, the consequences would be beyond what the statute envisions."

Indeed, the tenor of the cases, since the enactment of the statute, in line with *Studley, Inc.* (*supra*), is to the effect that the "person aggrieved" is the one who has been directly injured by the payment of the commission an issue. In *Meyer* v. *Stein* (161 Misc. 91 [Sup. Ct., N. Y. County, 1935, DORE, J.], affd. 247 App. Div. 865), a lessor in a real estate transaction had paid a brokerage commission to an unlicensed "broker" and the licensed broker (plaintiff) sought to recover from the unlicensed broker a subdivision 3 of section 442-e penalty based on the commission. Although the plaintiff in that case might have been injured by the loss of the commission, neither Specal Term nor this court found him "aggrieved" by the alleged illegally-paid commission because he was not the payor of that commission. Mr. Justice DORE, then sitting in Special Term, stated (p. 92):

" Fairly construed, the legislative intent of this statute imposing a penalty of not more than four times the amount of the commission received by an unlicensed broker applies and extends only to such persons as are immediately and proximately injured by the very act prohibited and their privies.

" If construed to permit the action to recover the penalty by other than the party injured directly by the payment of claimed real estate commissions, it would confer a right of action on persons other than those proximately damaged and injured by payments of brokerage commissions on a real estate transaction to a person who was not duly licensed as a real estate broker, and would be an improper and indefinite extension and make too broad the persons who could enforce the penalty, and indeed might result in several actions for the same penalty."

So also in *Gordon* v. *Kleinman* (29 Misc 2d 281 [Sup. Ct., Nassau County, 1961]), the court considered a penalty claim under subdivision 3 of section 442-e based on the conduct of defendant broker who failed to disclose to the plaintiff seller that the buyer was his wife. Plaintiff, in *Gordon,* alleged that this failure to disclose amounted to fraud and a violation of the rules of the Secretary of State for real estate brokers, thereby entitling him to recover the commission he paid to defendant as a penalty under subdivision 3 of section 442-e. The court rejected plaintiff's argument in *Gordon* and found that while the alleged fraudulent act in failing to disclose this pertinent information was actionable, it was " not under the aforesaid statute (Real Property Law, art. 12-A) " (p. 282).

As in *Gordon* (*supra*), the allegedly unprofessional activities of the defendant herein, a licensed broker, may give cause for common-law actions for fraud, divided loyalty, misrepresentation, failure to disclose, and may also be ground for disciplinary strictures by the Department of State—but they are not offenses warranting the prodigious penalties of a statute, criminal in nature and of narrow purview, the sole statutory design of which was to bar unlicensed brokerage activity.

The limitation of the right to the penalty is particularly pertinent here where the commissions sought to be made the subject of a penalty were paid by third parties and involved transactions to which plaintiff was completely alien. Thus, if we were to permit the unthrottled extension of the right to the statutory penalty, other parties to the transactions herein could also claim that the defendants, although licensed brokers, committed fraud and " might result in several actions for the same penalty ", and a plethora of litigation, as apprehended in *Meyer* v. *Stein* (161 Misc. 91, 92, *supra*).

Hence, the order of Special Term should be reversed on the law and the motion to dismiss the seventh cause of action granted, with costs.

NUNEZ, MURPHY and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on December 22, 1972, unanimously reversed, on the law, the motion granted, and the seventh cause of action dismissed and severed. Appellants shall recover of respondent $60 costs and disbursements of this appeal.