Fuchsberg, J.
The issue is whether the civil penalty provision of subdivision 3 of section 442-e of the Real Property Law for violations of article 12-A of that law applies to licensed as well as unlicensed brokerage and salesman activity.
This is an appeal from an order of the Appellate Division granting defendants’ CPLR 3211 (subd [a], par 7) motion to dismiss the seventh claim of the complaint for failure to state a cause of action. The complaint alleges that defendant Cross & Brown was plaintiffs managing and leasing agent for a large office building at 2 Park Avenue, New York City. It goes on to assert that Cross & Brown and two of its officers and employees, the individual defendants, wrongfully participated in and profited from the relocation of two of plaintiffs prime tenants to other buildings without plaintiffs knowledge or consent.
In all, seven causes of action are pleaded, including ones for breach of a managing contract, breach of fiduciary duties allegedly arising from the parties’ agency relationship, and fraudulent misrepresentation. The only one before us, the seventh, is for the statutory civil penalty provided in subdivision 3 of section 442-e of the Real Property Law. Plaintiff there asserts that defendants, as licensed real estate brokers or salesmen, engaged in wrongful and fraudulent practices in violation of article 12-A of the Real Property Law. As a result of this, plaintiff claims it is entitled to a penalty of $2,800,000, allegedly equal to four times the amount of commissions, compensation and profits received by defendants from third persons in connection with the relocation of the tenants.
The section at issue, subdivision 3 of section 442-e of the Real Property Law, provides as follows: "3. Penalty recoverable by person aggrieved. In case the offender shall have received any sum of money as commission, compensation or profit by or in consequence of his violation of any provision of this article, he shall also be liable to a penalty of not less than the amount of the sum of money received by him as such commission, compensation or profit and not more than four times the sum so received by him, as may be determined by the court, which penalty may be sued for and recovered by any person aggrieved and for his use and benefit, in any court of competent jurisdiction.”
*289 The Supreme Court denied the motion to dismiss the cause of action under attack, but the Appellate Division unanimously reversed, finding that the penalty provision was intended as a remedy for unlicensed real estate brokerage activity only and, therefore, could not be applied to defendants, who were licensed either as brokers or salesmen. The court also found that plaintiff was not a "person aggrieved” as required by the statute because it had not itself paid out any "commission, compensation or profit”, the statutorily specified base for the computation of the penalty.
We agree with the Appellate Division that subdivision 3 of section 442-e does not apply to licensed real estate brokers and salesmen.
Article 12-A (Real Property Law, §§ 440-442-k), entitled "Real Estate Brokers and Real Estate Salesmen”, is a regulatory statute setting up a comprehensive plan to assure, by means of licensing, that standards of competency, honesty and professionalism are observed by real estate brokers and salesmen. (Matter of Sullivan Co., 289 NY 110, 114; Julien J. Studley, Inc. v Geisinger, 12 Misc 2d 527, 529, affd 7 AD2d 844; Gordon v Kleinman, 29 Misc 2d 281, 282.) To visualize how its purpose was to be carried out, it is useful to analyze the article’s structure and scope.
It begins, appropriately, with definitions of the titles "real estate broker” and "real estate salesman” (Real Property Law, § 440) and requires those following such occupations to procure a license (Real Property Law, § 440-a). The Department of State is authorized to administer written examinations and to grant licenses based upon standards of character, education and experience (Real Property Law, § 441). It is also given the corollary power to revoke, suspend, fine or reprimand under specified circumstances (Real Property Law, § 441-c), with the concomitant requirements for procedural safeguards of written notice and opportunity to be heard prior to denial of an application, or revocation or suspension of a license (Real Property Law, § 441-e). Judicial review pursuant to CPLR article 78 is also available (Real Property Law, § 441-f).[1]
Following these various provisions regarding licensing, *290 comes section 442-e, entitled "Violations”, which includes the provision at issue in this case. Subdivision 1 makes the violation of "any provision of this article” a misdemeanor; subdivision 2 empowers the Attorney-General to prosecute any such violation; subdivision 3 provides for the recovery of a penalty "[i]n case the offender shall have received the sum of money as commission, compensation or profit by or in consequence of his violation of any provision of this article”.[2]
Despite the discrete provisions defining the responsibilities and penalties applicable to licensees such as the defendants here, and despite the availability of common-law contract and fraud actions like those alleged in plaintiff’s first six causes of action, plaintiff claims that the quadruple penalty spelled out by subdivision 3 of section 442-e may also be recovered from a licensee. In our view, the deterrents and remedies provided in the article for misconduct by licensees are the regulatory sanctions of suspension, revocation, fine and reprimand. Clearly these administrative sanctions are supplemental to existing common-law damage actions by the party injured. By contrast, the criminal and civil penalties separately provided in section 442-e were included to deter and remedy unlicensed activity to which the above-mentioned regulatory sanctions would obviously not apply. If licensees were also liable under section 442-e, the result would be greater penalties for the derelictions of licensees who obey the law’s command by subjecting themselves to regulation than for those who defy the regulatory scheme of the article and attempt to act as brokers or salesmen without obtaining the required license.
Even if the fact that section 442-e does not in terms confine itself to unlicensed activity made its intention a more arguable matter, the question was appropriately resolved by the Appellate Division in giving the statute a strict construction. The heavy penalty recoverable, four times the sum received in *291 violation of the article’s provisions, as well as the companion provision that such a violation is a misdemeanor (subd. 1), indicates the punitive nature of the section under review and warrants its narrow construction (cf. Galbreath-Ruffin v 40th & 3rd Corp., 25 AD2d 114, 124, mod on other grounds 19 NY2d 354; Meyer v Stein, 161 Misc 91, 91-92, affd 247 App Div 865).
We conclude, therefore, that plaintiffs seventh cause of action was properly dismissed because subdivision 3 of section 442-e is limited to suits against those that are not licensed under article 12-A. Our holding makes it unnecessary for us to reach the question whether plaintiff, though it did not pay the commissions for the challenged transactions, would in a proper case be a "person aggrieved” and entitled to claim the statutory penalty.
Accordingly, the order appealed from should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed, with costs.

. Sections 442 through 442-d, among other things, impose restrictions upon commission-splitting, compensation to salesmen and discontinuation of their employment, brokers’ responsibility for their employees’ misconduct, and actions for commission.

. Subdivision 4 creates the presumption that persons repeatedly acting as real estate brokers or salesmen, as defined earlier in the article (§ 440), "shall be presumed to do so for a fee”; subdivision 5 empowers the Secretary of State to investigate any violation of the article or to investigate the business of a licensee or applicant, if warranted; subdivisions 6 and 7, among other things, give the Secretary of State power to subpoena and to confer immunity during his investigations.
The remainder of the article includes a clause limiting its application (§442-0, provisions for nonresident licensees (§§ 442-g, 442-h), for enforcement by the Department of State and establishment of a professional advisory committee to assist the department (§ 442-j), and a standard section saving the balance of the article from the effect of a particular provision which might be declared invalid.