Hahn v Stone House Props. LLC (2022 NY Slip Op 03572)

Hahn v Stone House Props. LLC

2022 NY Slip Op 03572

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 

Index No. 657717/19 Appeal No. 15477 Case No. 2021-01882 

[*1]Richard Hahn, Plaintiff-Appellant,
v
Stone House Properties LLC, et al., Defendants-Respondents.

Richard E. Hahn, New York, appellant pro se.
L'Abbate, Balkan, Colavita, & Contini, L.L.P., Melville (James D. Spithogiannis of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 11, 2021, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7), unanimously modified, on the law, to deny the motion as to a cause of action for breach of fiduciary duty, and otherwise affirmed, without costs.
Although the complaint does not explicitly articulate a cause of action for breach of fiduciary duty, such a cause of action is manifest in its factual allegations, and the documentary evidence fails to utterly refute those allegations (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). In connection with his sale of certain real property, plaintiff signed a disclosure form pursuant to Real Property Law § 443, giving his informed consent to a "dual agency with designated sales agent" relationship with defendants. The form states that a dual agent cannot give the seller or buyer "undivided loyalty." Nevertheless, it does not relieve defendants from all fiduciary duty. The form states that defendant Nikki Carchedi, of defendant Stone House Properties, "is appointed to represent the seller in this transaction." The complaint establishes a cause of action for breach of a fiduciary duty beyond the acknowledged "divided" duty by alleging that Carchedi failed to disclose that she had a personal stake in the sale to the buyers, who planned to subdivide the property immediately after purchase and retain her as the broker for the sale of the subdivided parcels, and that they did so, listing the subdivided parcels for almost three times the price plaintiff received in his sale (see Dubbs v Stribling & Assoc., 96 NY2d 337, 340 [2001], affg 274 AD2d 32 [1st Dept 2000]). We also note plaintiff's assertion that the agent representing the buyer was the son of Carchedi's longtime client about whom plaintiff had expressed concern.
The explicitly articulated causes of action were correctly dismissed. An accounting is unnecessary since, if proven, the breach of fiduciary duty will result in defendants' forfeiture of the commission paid to them by plaintiff but not commissions received by defendants as brokers on sales of the subdivided property (see Dubbs, 274 AD2d at 37; John J. Reynolds, Inc. v Snow, 11 AD2d 653 [1st Dept 1960], affd 9 NY2d 785 [1961]). The claims for constructive fraud, unjust enrichment, and a constructive trust are duplicative of the breach of fiduciary duty claim as they arise from the same facts and seek identical damages (see Tozzi v Mack, 169 AD3d 547 [1st Dept 2019], lv denied 33 NY3d 908 [2019]). Real Property Law § 442-e(3) is inapplicable, because defendants are licensed real estate brokers and were licensed at the time of the alleged breach of fiduciary duty (see 2 Park Ave. Assoc. v Cross & Brown Co., 36 NY2d 286, 291 [1975]).
The Decision and Order of this Court entered herein on March 8, 2022, is hereby recalled and vacated (see M-[*2]980 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022