OPINION OF THE COURT
Angelo Graci, J.
When an autopsy is admittedly performed without the written consent of the decedent’s family but the defendant hospital alleges that telephonic authorization had been obtained from the decedent’s wife, are the plaintiffs herein, the *689 wife and son of the decedent, entitled to summary judgment as a matter of law against the defendant hospital for the performance of an unauthorized autopsy?
In this action to recover damages for the unauthorized autopsy allegedly performed upon the body of the late Hugh Bambrick, plaintiffs Rosemary and Hugh Bambrick (the decedent’s wife and son, respectively) move for summary judgment against defendant Booth Memorial Medical Center on the grounds that without a written consent, an autopsy is deemed unauthorized by statute.
According to plaintiff Rosemary Bambrick, on November 22, 1988 at approximately 12:30 a.m. a doctor from the defendant hospital informed her by telephone that her husband had passed away. Plaintiff wife contends that at that time, the physician requested her consent to perform an autopsy, which she refused. It is the position of the plaintiff wife that when she was assured that the body would not be cut in any way, she consented to the administration of a blood test. However, upon later consulting with her son, plaintiff Hugh Bambrick, she decided against the administration of any test on her husband’s body. According to plaintiff Rosemary Bambrick, she was informed by her husband’s physician Antonio Schimmenti and by Sister Rose Veronica that without a written consent the defendant hospital could not perform an autopsy. Nevertheless, plaintiffs maintain in this motion for summary judgment that the defendant hospital performed a complete autopsy upon the decedent without any authorization, and that as a result thereof, the casket had to be closed for the funeral service and the decedent’s remains could not be viewed. Based on the foregoing, plaintiffs claim that they sustained severe and permanent injuries including emotional grief, outrage, anger, resentment, and mental suffering.
In support of their motion for summary judgment, plaintiffs submit that the defendant hospital has conceded that it is not in possession of any written authorization.
Plaintiffs argue that defendant’s failure to obtain a written consent of plaintiff Rosemary Bambrick to the autopsy of her late husband is a violation of Public Health Law § 4214 (1), which provides: "In no case shall an autopsy or dissection be performed upon any body within forty-eight hours after death, unless a written consent or directive therefor has been received from the person or persons legally entitled to consent to or order such autopsy or dissection”.
*690 Since defendant’s pathology autopsy report indicates that the autopsy was performed 12 hours after death, plaintiffs contend that the absence of a written consent therefor entitles them to summary judgment on the issue of liability as a matter of law.
Defendant hospital vigorously opposes plaintiffs’ summary judgment motion and denies the allegations of plaintiff Rosemary Bambrick in affidavits submitted by Dr. Ernest Madu and Nurse Vinnetta Burke. According to Dr. Madu, he telephoned the plaintiff wife on the morning of November 22, 1988 to inform her of her husband’s death. Dr. Madu asserts that the plaintiff wife then requested that an autopsy be performed on her husband in order to determine the specific cause of death. Whereupon, Dr. Madu requested that Nurse Vinnetta Burke pick up a telephone extension and serve as a witness to the plaintiff wife’s oral authorization of her husband’s autopsy. According to both Dr. Madu and Nurse Burke, the plaintiff wife was informed of the autopsy procedure, and indicated that she understood what had been discussed, and wished to have the autopsy performed.
It appears that Dr. Madu and Nurse Burke then executed a consent form indicating that the plaintiff wife had authorized the autopsy of her husband by telephone.
Defendant argues that whether a written consent was obtained in compliance with Public Health Law § 4214 (1) in and of itself is not dispositive of liability.
Upon review of plaintiffs’ complaint, it is apparent that the claim is based on the well-known common-law cause of action alleging an unauthorized autopsy. (Darcy v Presbyterian Hosp., 202 NY 259, rearg denied 203 NY 547; Beller v City of New York, 269 App Div 642; Grawunder v Beth Israel Hosp. Assn., 242 App Div 56, affd 266 NY 605; also see, Larson v Chase, 47 Minn 307, 50 NW 238.) If plaintiffs can prove that there was no authorization for an autopsy, the defendant hospital will be liable for damages. (See, 18 NY Jur 2d, Cemeteries and Dead Bodies, §§ 89-95.)
Public Health Law § 4210 authorizes dissection of dead bodies where: (1) it is prescribed by special statute; or (2) it is performed by or at the direction of a coroner, a coroner’s physician, or a Medical Examiner of a county; or (3) it is authorized by the surviving spouse or next of kin charged by law with the duty of burial (a) for the sole purpose of ascertaining the cause of death, or (b) for any other purpose when *691 authorized by written instrument which shall specify the purpose and extent of the dissection so authorized; or (4) it is ordered by the court upon the application of the District Attorney to ascertain the cause of death.
Autopsies are further authorized pursuant to Public Health Law §4214 (1), which provides that "[t]he director or person having lawful control and management of any hospital in which a patient has died may order the performance of an autopsy upon the body of such deceased person, after first giving notice of the death to the next of kin of such person”.
It is the opinion of this court that an autopsy may be authorized orally by the surviving spouse or next of kin if the sole purpose is to determine the cause of death. (Public Health Law § 4210 [3] [a].)
Should an autopsy be ordered by the surviving spouse or next of kin for any other purpose (Public Health Law § 4210 [3] [b]), or be ordered by the director or a person having lawful control and management of any hospital in which a patient has died (Public Health Law § 4214 [1]), then, under those circumstances, the law specifically requires a written consent or written instrument.
However, it is the further opinion of the court, that the lack of a written consent is not actionable per se. The common-law cause of action is based on a lack of both a written and oral consent to perform an autopsy. In other words, the common law does not grant plaintiffs a right to a cause of action for failure to get an authorization in writing; it only grants a right to a cause of action if there is no authorization whatsoever. This opinion is based on the rule of construction that a statute will not be construed to confer a right not vested by the common law unless such a right is expressly intended, since it is presumed that the Legislature intended to make no further innovation upon common-law rights than required. (McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [b]; Begandy v Richardson, 134 Misc 2d 357.) In accord with this principle, it has long been held that liability does not exist for failure to strictly comply with a statutory command unless there is a clear intention that a disregard of the statute will result in liability, where no liability would exist but for the statute. (See, Shepard Co. v Taylor Publ. Co., 234 NY 465.)
In light of the foregoing, the court finds that the fact admitted by the defendant that no written consent authoriz *692 ing an autopsy was ever obtained from decedent’s family does not, in and of itself, entitle plaintiffs to summary judgment on the issue of liability as a matter of law.
In this action, liability will be determined by resolving the factual question whether the defendant obtained oral authorization from decedent’s plaintiff wife on November 22, 1988 to perform the autopsy. Given the conflicting affidavits of the parties, this issue of fact precludes summary determination.
Accordingly, plaintiffs’ motion for summary judgment is denied.