■ ROSEMARY BAMBRICK et al., Appellants, v BOOTH MEMORIAL MEDICAL CENTER, Respondent.—In an action to recover damages for the performance of an unauthorized autopsy, the plaintiffs appeal from an order of the Supreme Court, Queens County (Graci, J.), dated November 20, 1990, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The decedent Hugh Bambrick was a patient at the defendant Booth Memorial Medical Center at the time of his death on November 22, 1988. It is undisputed that within 12 hours after his demise, a complete autopsy was performed on his remains at the hospital by its personnel. Claiming that the autopsy was unauthorized, the plaintiffs, the widow and son of the decedent, commenced this action to recover damages for the mental anguish and suffering they experienced as a result of the hospital's allegedly improper actions. After issue was joined and discovery was conducted, the plaintiffs moved for partial summary judgment on the issue of liability. They contended that under Public Health Law § 4214 (1), the hospital was prohibited from conducting an autopsy on the remains of the decedent during the initial 48 hours following his death without first obtaining the *written* consent of his next of kin. They further maintained that in the absence of that written consent, the hospital was liable for an unauthorized autopsy regardless of whether it claimed to have received verbal permission to perform the procedure. Finally, they submitted an affidavit of the decedent's widow, who averred that she never authorized an autopsy verbally or in writing, and that she had expressly refused such a request by hospital personnel at the time she was notified of her husband's death. The hospital opposed the motion, *inter alia,* on the ground that the

decedent's widow had verbally consented to the autopsy by telephone, and that the mere failure to obtain a written consent was not dispositive of the liability issue. The Supreme Court denied the plaintiffs' motion, reasoning that while the written consent required by the statute had not been obtained in this case, this lack of written consent alone did not warrant the imposition of liability. The court also determined that an issue of fact existed regarding whether the defendant acquired verbal consent for the autopsy. Accordingly, the court held that a trial was necessary to resolve the issue *(see, Bambrick v Booth Mem. Med. Ctr.,* 148 Misc 2d 688). We reverse and grant the plaintiffs' motion for partial summary judgment.

"The authority to perform an autopsy derives solely from statute" *(Hendriksen v Roosevelt Hosp.,* 297 F Supp 1142, 1144), and an action to recover damages for the performance of an unauthorized autopsy is designed to compensate family members for the emotional and mental suffering occasioned by an improper dissection of a decedent's body *(Darcy v Presbyterian Hosp.,* 202 NY 259; *Beller v City of New York,* 269 App Div 642; *Grawunder v Beth Israel Hosp. Assn.,* 242 App Div 56, *affd* 266 NY 605). Public Health Law article 42, which governs the disposition and autopsy of cadavers, reflects these concerns for respecting the corporeal remains of decedents and protecting the feelings of family members by strictly limiting the circumstances under which autopsies may be performed *(see,* Public Health Law § 4210). Indeed, absent a compelling public necessity, an autopsy may not be conducted over an objection of a surviving relative or friend that it would violate the decedent's religious beliefs *(see,* Public Health Law § 4210-c), and the performance of an autopsy without legal authority or the appropriate permission constitutes a misdemeanor *(see,* Public Health Law § 4210-a).

Insofar as relevant to this appeal, Public Health Law § 4214 (1) provides as follows: "The director or person having lawful control and management of any hospital in which a patient has died may order the performance of an autopsy upon the body of such deceased person, after first giving notice of the death to the next of kin of such person, unless the body is claimed or objection is made to such autopsy by the next of kin within forty-eight hours after death, or within twenty-four hours after such notice of death. *In no case shall an autopsy or dissection be performed upon any body within forty-eight hours after death, unless a written consent or directive therefor has been received from the person or persons legally entitled to consent to or order such autopsy or dissection"* (emphasis

supplied). Unlike the Supreme Court, we find that the defendant's admitted violation of the foregoing written consent requirement permits the imposition of civil liability upon it, notwithstanding the defendant's claim that the autopsy was verbally authorized. Indeed, the reasonable inference to be drawn from the enactment of the present written consent requirement is that it was designed to afford relatives greater control over the disposition of the remains of their decedents. Such an intent is clearly consistent with the body of statutory and decisional law which places great emphasis on the rights of family members to receive the bodies of their loved ones in as undisturbed a condition as possible, and the defendant does not suggest any other explanation for the written consent requirement. As the Court of Appeals has observed, "if a statutory scheme intended for the protection of a particular class * * * does not expressly provide for civil liability, there is responsible authority for the proposition that a court may, in furtherance of the statutory purpose, read in such an intent" *(Trimarco v Klein,* 56 NY2d 98, 108). Our interpretation of the statute in this case conforms with this principle and is consistent with the language of other statutes and court decisions suggesting that the violation of related provisions will result in civil liability *(see generally,* Public Health Law § 4210-b; *Rotholz v City of New York,* 151 Misc 2d 613). Moreover, if, as the hospital maintains, a violation of the written consent requirement does not result in civil liability, then the statute would be rendered meaningless and could be disregarded with impunity. We decline to adopt such an interpretation, inasmuch as

"the court must assume that * * * an enforceable result was intended by the statute * * *

"[and a] construction which would render a statute ineffective must be avoided" (McKinney's Cons Laws of NY, Book 1, Statutes § 144, at 291-292).

Furthermore, we find unpersuasive the hospital's contention that the instant autopsy was permissible under Public Health Law § 4210 (3), which allows the dissection of a decedent "[w]henever and so far as * * * next of kin * * * (a) may authorize dissection *for the sole purpose of ascertaining the cause of death,* or (b) may authorize dissection for any other purpose by written instrument which shall specify the purpose and extent of the dissection so authorized" (emphasis supplied). Public Health Law § 4214 (1), rather than the foregoing provision, applies to situations such as those at bar where a hospital seeks the autopsy of a patient who died while in its

care. In any event, even if Public Health Law § 4210 (3) were applicable to this case, it would not support the hospital's position since, at most, it would only permit the verbal authorization of a dissection "for the sole purpose of ascertaining the cause of death". However, as is unequivocally demonstrated by the hospital's own consent form, which was filled out by its personnel, the autopsy in this case was performed both to determine the cause of death *and* for the purpose of "furthering medical knowledge". Hence, the autopsy was not *exclusively* to ascertain the cause of death, and none of the affidavits submitted by the hospital refute this fact. Accordingly, the plaintiffs are entitled to partial summary judgment on the issue of liability due to the hospital's failure to obtain written consent as required by Public Health Law § 4214 (1), and the matter is remitted for a determination on the issue of damages. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.