■ DARLENA HARRIS-CUNNINGHAM, Appellant, v MEDICAL EXAMINER OF NEW YORK COUNTY, Respondent. [690 NYS2d 253] —Order, Supreme Court, New York County (Jane Solomon, J.), entered September 15, 1998, which, in a proceeding to recover damages for emotional distress caused by respondent Medical Examiner's autopsy of petitioner's husband without petitioner's consent and contrary to the religious beliefs she shared with her husband, granted the Medical Examiner's motion for summary judgment dismissing petitioner's pleading for failure to state a cause of action, unanimously affirmed, without costs.

The proceeding was properly dismissed on the ground that the Medical Examiner, who is authorized to perform an autopsy where, as here, a person "in apparent health" dies suddenly (NY City Charter § 557 [f]), had no reason to believe that an autopsy would be contrary to petitioner's husband's religious beliefs (Public Health Law § 4210-c [1]). We reject petitioner's argument that under Public Health Law § 4210-c (1), the Medical Examiner was under an affirmative duty to seek the consent of a surviving family member or friend, and that absent such consent, or "compelling public necessity", could not perform the autopsy. Rather, we read that statute to mean that "compelling public necessity" is required only when a surviving relative or friend objects to an autopsy on religious grounds or there is other reason for the Medical Examiner to believe that an autopsy is contrary to the decedent's religious beliefs (*see,*

*Rotholz v City of New York*, 151 Misc 2d 613, 616-617). Nor do we read Public Health Law § 4214, which imposes an affirmative duty on hospitals to seek consent before performing autopsies, as imposing such a duty on the Medical Examiner (*compare, Bambrick v Booth Mem. Med. Ctr.*, 190 AD2d 646). Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.