■ ROBERT BANKS, Appellant, v UNITED HOSPITAL et al., Respondents. [713 NYS2d 53] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered January 14, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Given the emergency room doctor's good faith belief that his patient, who collapsed at work, died under "sudden and unexplained circumstances", he had a duty to call the Medical Examiner's office to inquire if the death would fall under that office's jurisdiction (see, Westchester County Administrative Law §§ 273.151, 273.141). This was especially true since the emergency room doctor had been informed by the decedent's physician that there were no prior abnormalities, and he had been unsuccessful in attempting to reach a family member. Because we find no negligence with respect to the emergency room doctor, there is no basis for holding the hospital liable for its employee pursuant to a theory of respondeat superior.

Finally, once the Medical Examiner determined to accept jurisdiction, it had authority to conduct an autopsy, without first obtaining the consent of a family member, where no objection had been raised (Public Health Law § 4210-c [1]; compare, Harris-Cunningham v Medical Examiner of N. Y County, 261 AD2d 285, with Liberman v Riverside Mem. Chapel, 225 AD2d 283, and Bambrick v Booth Mem. Med. Ctr., 190 AD2d 646), and the Medical Examiner's office had no reason to believe that the procedure was contrary to the decedent's religious beliefs. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.