■ LOEB PARTNERS REALTY et al., Respondents, v EDWARD A. SEARS ASSOCIATES, P. C., et al., Appellants. [733 NYS2d 390] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered July 14, 2000, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The motion for summary judgment should have been granted. Plaintiffs Joshua Goldman and his employer, Loeb Partners Realty, were not the procuring cause of the lease for the third floor of 192 Lexington Avenue, entered into on November 7, 1995, between defendant tenant Edward A. Sears Associates, P. C. (Sears), and defendant landlord Cres, Inc. (*see Greene v Hellman*, 51 NY2d 197, 206; *Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 466, *lv denied* 88 NY2d 816). Rather, the lease was procured primarily because of the efforts of Edward Walker, Sears's attorney at the time, and Sandy Fagin, director of leasing for defendant Newmark & Company Real Estate, Inc., Cres's leasing agent. Plaintiffs, therefore, were not entitled to the brokerage commission sought in their complaint.

It is undisputed that Goldman learned of the availability of the property from Mario Carmiciano, the principal of Sears, who in turn, learned about it from Walker. Walker and Fagin, not Goldman, showed Carmiciano the property. Plaintiffs' only link to the lease was a two-page lease proposal Goldman sent to Newmark on May 5, 1995, shortly after learning of the property's availability, and after Walker and Fagin had shown Carmiciano the property. In accordance with Carmiciano's direct instructions on May 15, Goldman did nothing else. For several months thereafter, however, Walker and Fagin participated in extensive negotiations, which resulted in the lease agreement, a complex and relatively long document that is substantially different from the brief lease proposal plaintiffs submitted (*see Omni Funding Corp. v Minskoff*, 281 AD2d 288, *lv denied* 96 NY2d 716). Contrary to plaintiffs' contention, the

record does not show that Carmiciano ever acknowledged that Goldman would be entitled to a commission upon the execution of the lease. Thus, even assuming that Goldman submitted the lease proposal with Carmiciano's authorization, the submission of this minimal proposal, under these circumstances (including the facts that plaintiffs learned of the space from Carmiciano and did not visit the premises), was not the procuring cause of the lease.

Finally, the third cause of action for conspiracy to deprive plaintiffs of their commission also should have been dismissed, because conspiracy as an independent tort is not recognized in New York (*see, Pelton Co. v Moundsville Shopping Plaza*, 173 AD2d 201). In any event, defendants may not be liable for tortious interference since plaintiffs did not establish a right to a commission. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.