LIRIJE JUSEINOSKI et al., Respondents, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Defendants and Third-Party Plaintiffs-Appellants. OFFICE OF CHIEF MEDICAL EXAMINER OF CITY OF NEW YORK et al., Third-Party Defendants-Respondents. [795 NYS2d 753]—

In an action, inter alia, to recover damages for emotional distress arising from the performance of an autopsy, the defendants third-party plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 9, 2004, as granted the cross motion of the third-party defendants for summary judgment dismissing the third-party complaint and (2) an order of the same court dated May 13, 2004, which granted the plaintiffs' motion for summary judgment against them on the issue of liability.

Ordered that the order dated January 9, 2004, is reversed insofar as appealed from, on the law and as a matter of discretion, and the cross motion of the third-party defendants for summary judgment dismissing the third-party complaint is denied as premature; and it is further,

Ordered that the order dated May 13, 2004 is reversed, on the law, and the plaintiff's motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants, payable by the plaintiffs-respondents and the third-party defendants-respondents appearing separately and filing separate briefs.

The decedent, a Muslim, collapsed at work and was taken by ambulance to the defendant New York Hospital Medical Center of Queens (hereinafter the hospital), where he was pronounced dead of a cardiac arrest. Members of the decedent's family were called to the hospital around 2:00 A.M. and were asked for certain information. Although the hospital's "Notice of Death" form contained questions with respect to whether the family consented to an autopsy, the answers to those questions were left blank.

The decedent's wife claimed that she informed hospital personnel that her deceased husband was a Muslim and she wanted to take his body to a mosque, and was told to return at 8:00 A.M. to claim the body. Her daughter, who was also present, could only recall questions about insurance.

When the family returned to claim the body at around 8:00 A.M., the body was no longer at the hospital: the attending physician had notified the Office of the Chief Medical Examiner of the City of New York (hereinafter the Medical Examiner) of the decedent's death and the Medical Examiner decided to take possession of the body for autopsy. It appears that the Medical Examiner picked up the body at about 7:00 A.M. and performed the autopsy at 2:00 P.M.

The decedent's wife and children commenced this action against the hospital and the attending physician, alleging, inter alia, emotional distress arising from the performance of the wrongful autopsy and violation of the Public Health Law. The hospital and attending physician brought a third-party action against, among others, the Medical Examiner. The plaintiffs moved for summary judgment on the issue of liability and the third-party defendants cross-moved for summary judgment dismissing the third-party action. The Supreme Court granted the motion and the cross motion. We reverse.

The Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability based upon Public Health Law § 4214 (1) which prohibits a hospital from ordering the performance of an autopsy within 48 hours of death absent written consent of a person legally entitled to consent. However, Public Health Law § 4214 (1) does not apply in this case on the basis that the autopsy was not performed by hospital personnel and was not ordered by the hospital (*see Bambrick v Booth Mem. Med. Ctr.,* 190 AD2d 646 [1993]).

Where an autopsy is performed by the Medical Examiner, written consent is not required (*see Harris-Cunningham v Medical Examiner of N.Y. County,* 261 AD2d 285, 286 [1999]). The applicable provisions are Public Health Law §§ 4210-a and

4210-b (1) (*see Liberman v Riverside Mem. Chapel*, 225 AD2d 283 [1996]; *Rotholz v City of New York*, 151 Misc 2d 613 [1992]). Public Health Law § 4210-a renders it unlawful to make, or cause or procure to be made, any dissection of a human being "except by authority of law." Public Health Law § 4210-c (1) which provides that "in the absence of a compelling public necessity, no . . . autopsy shall be performed over the objection of a surviving relative or friend of the deceased that such procedure is contrary to the religious belief of the decedent, or, if there is otherwise reason to believe that a dissection or autopsy is contrary to the decedent's religious beliefs."

Since Public Health Law § 4214 (1) is not applicable, written consent was not required to perform an autopsy. We further note that there is no evidence in the record that there was a specific objection to an autopsy. In view of the foregoing, the plaintiffs' motion for summary judgment on the issue of liability should have been denied.

However, there are triable issues of fact as to the liability of the hospital based upon the alleged negligence of hospital personnel (*see Banks v United Hosp.*, 275 AD2d 623, 624 [2000]). If a jury believes that the decedent's wife informed the hospital that the decedent was a Muslim and further informed the hospital that she wanted to take the body to a mosque, there is an issue of fact as to whether that information was sufficient to give "reason to believe" that the autopsy was contrary to the decedent's religious beliefs (Public Health Law § 4210-c [1]). Further the fact that the "Notice of Death" form prepared by the hospital contained questions as to whether the family consented to an autopsy which were left blank constitutes some evidence that there may have been a protocol to ask such questions. The violation of such a protocol would constitute some evidence of negligence (*see Haber v Cross County Hosp.*, 37 NY2d 888 [1975]; *Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765 [1993]; *Hughson v St. Francis Hosp.*, 96 AD2d 829 [1983]).

The third-party defendants' cross motion for summary judgment should have been denied as premature on the ground that the third-party defendants failed to comply with discovery directed in the preliminary conference order (*see J & A Vending v J.A.M. Vending*, 303 AD2d 370, 374 [2003]). It appears that the body was released to the Medical Examiner at around 7:00 A.M. and the autopsy was not performed until 2:00 P.M. There are outstanding questions as to what occurred in those intervening hours which are uniquely within the knowledge of the Medical Examiner. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur. [*See* 3 Misc 3d 1106(A), 2004 NY Slip Op 50441(U) (2004).]