■ Lirije Juseinoski et al., Respondents, v New York Hospital Medical Center of Queens et al., Defendants and Third-Party Plaintiffs-Appellants. Office of Chief Medical Examiner of City of New York et al., Third-Party Defendants-Respondents. [846 NYS2d 259]—

In an action, inter alia, to recover damages for emotional distress arising from the performance of an autopsy, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated November 17, 2006, which granted the motion of the third-party defendants for summary judgment dismissing the third-party complaint, denied their motion for conditional summary judgment on the third-party complaint, and denied their separate motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

During the early morning hours of September 1, 1996, the decedent, a Muslim, collapsed at work and was taken by ambulance to the defendant New York Hospital Medical Center of Queens (hereinafter the hospital), where he was pronounced dead of cardiac arrest by the defendant Kenneth Sha. Shortly thereafter, the decedent's widow and other members of his family arrived at the hospital. The decedent's widow claimed that she informed hospital personnel that the decedent was a Muslim and that she needed to take his body to a mosque, and she was told to return later that morning to claim the decedent's body.

However, the decedent's body was released to the third-party

defendant Office of the Chief Medical Examiner of the City of New York (hereinafter the Medical Examiner), where an autopsy was performed, contrary to the religious beliefs of the decedent and his family. The decedent's widow denied that anyone at the hospital told her that an autopsy might be performed. Although the hospital completed a "Notice of Death" form which contained questions with respect to whether the decedent's family consented to an autopsy, the answers to those questions were left blank.

The decedent's widow and children commenced this action against the hospital and Sha (hereinafter collectively the appellants), alleging, inter alia, emotional distress arising from the performance of the autopsy. The appellants brought a third-party action against the Medical Examiner, the Department of Health of the City of New York, and the City of New York (hereinafter collectively the City).

On a prior appeal, this Court, in reversing the Supreme Court's order granting the plaintiffs' motion for summary judgment on the issue of liability, found that there were triable issues of fact as to the liability of the hospital based upon the alleged negligence of hospital personnel (see Juseinoski v New York Hosp. Med. Ctr. of Queens, 18 AD3d 713, 715 [2005]). Specifically, the Court found that issues of fact existed as to whether the information provided by the decedent's widow that the decedent was a Muslim was sufficient to give "reason to believe" that an autopsy was contrary to the decedent's religious beliefs (Public Health Law § 4210-c [1]), and as to whether the hospital had a protocol of asking questions of a decedent's family regarding consent to an autopsy (see Juseinoski v New York Hosp. Med. Ctr. of Queens, 18 AD3d at 715).

The Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint since the record shows that there are still triable factual issues extant (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Furthermore, contrary to the appellants' contention, the Supreme Court properly granted the City's motion for summary judgment dismissing the third-party complaint and denied the appellants' motion for conditional summary judgment on the third-party complaint. In opposition to the City's prima facie showing of its entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact as to whether the Medical Examiner lacked authorization to perform the autopsy (see NY City Charter § 557 [f]; Harris-Cunningham v Medical Examiner of N.Y. County, 261 AD2d 285 [1999]). Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.