■ THE LANSCO CORPORATION, Respondent, v STRIKE HOLDINGS LLC, Defendant, and GFI REALTY SERVICES, INC., Appellant. [933 NYS2d 666]—

GFI's motion to dismiss was rendered academic by the grant of plaintiff's motion to amend (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]).

The third cause of action states viable claims against GFI. Plaintiff alleges that GFI and defendant Strike conspired to interfere with its right to be the real estate broker for a lease agreement between Strike and the nonparty premises owner. "[C]onspiracy as an independent tort is not recognized in New York" (*Loeb Partners Realty v Sears Assoc.*, 288 AD2d 110, 111 [2001]). However, plaintiff states a cause of action for tortious interference with contract (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Plaintiff alleges that GFI tortiously interfered with its alleged co-brokerage agreement with nonparty Robert K. Futterman and Associates, LLC (RKF), and with Strike's alleged promise that it would receive a commission (*see Edward S. Gordon Co. v Tucker Anthony & R.L. Day*, 162 AD2d 319 [1990]). Plaintiff adequately alleges but-for causation (*see Williams & Co. v Collins Tuttle & Co.*, 6 AD2d 302, 307-310 [1958], *lv denied* 5 NY2d 710 [1959]).

The fourth cause of action states a claim against GFI for tortious interference with business relations, specifically plaintiff's relationships with RKF and Strike (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [2009], *lv dismissed in part and denied in part* 14 NY3d 736 [2010]).

The fifth and seventh causes of action also state claims against GFI. Plaintiff alleges that GFI is liable for real estate brokerage commissions that plaintiff should receive or should have received but for GFI's wrongdoing. If the tortious interference claims are proved, then GFI may well be liable for damages in the amount of the commissions that plaintiff lost.

However, leave to amend is denied as to the sixth cause of action, brought pursuant to Real Property Law § 442-e (3), to recover the commission paid to GFI, an allegedly unlicensed real estate broker. Plaintiff did not pay the commission and accordingly is not a "person aggrieved" under the statute (*see e.g. 2 Park Ave. Assoc. v Cross & Brown Co.*, 43 AD3d 37, 39-40 [1973], *affd* 36 NY2d 286 [1975]). Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ. [**Prior Case History: 2011 NY Slip Op 30181(U).**]