■ DOUGLAS ELLIMAN LLC, Appellant, v CORCORAN GROUP MARKETING et al., Respondents, et al., Defendant. [940 NYS2d 595]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 19, 2011, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Marc and Kristin Glosserman, who are husband and wife, entered into agreements to purchase 2 apartment units, identifying defendant Corcoran Group Marketing as "Selling Agent" and listing Douglas Elliman as an "Additional Broker." In late 2009, a year after the couple defaulted on these agreements, Marc's father, Michael Glosserman, allegedly purchased the units through his corporation, 15 Madison Ave. LLC. Plaintiff alleged that this purchase was secretly negotiated, closed, and wrongfully not disclosed to it, with the purpose of depriving it of its commission pursuant to its co-brokerage agreement with The Corcoran Group.

Neither Corcoran nor the Glossermans owed a fiduciary duty to Douglas Elliman to advise it of the subsequent negotiations for the two units (*see Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162 [1993]). Nor did any duty arise under a theory of an implied covenant of good faith and fair dealing, as the contract between Corcoran and Douglas Elliman had expired by the time of the purchase, and even at the time of Marc and Kristin Glosserman's purchase agreements, more than 60 days had passed since plaintiff "registered" these potential purchasers with Corcoran. Under the express terms of the co-brokerage agreement, this meant that Douglas Elliman could not be considered a procuring cause. Thus, no contract existed, written or implied, under which any issue of good faith and fair dealing existed, which could give rise to a duty to speak of the later negotiations. Thus, Douglas Elliman's claims sounding in fraudulent concealment/intentional misrepresentation were properly dismissed.

Nor was Douglas Elliman entitled to a commission by common law, as it was not the procuring cause of the sale to the ultimate purchaser, whether that be Michael Glosserman, or his corporation, 15 Madison Ave. LLC, due to various factors—the lack of contact by Douglas Elliman or its real estate agent with Michael Glosserman, or any purchaser; the agent did not show Glosserman the units; the lack of any attempted negotiations; and the lapse of approximately twelve months after the initial deal failed (*see Greene v Hellman*, 51 NY2d 197, 206-207 [1980]). Similarly Douglas Elliman may claim no right to a commission because of its actions in relation to Marc and Kristin Glosserman, as it did no more than introduce them to the seller (*see Hagedorn v Elwyn*, 229 AD2d 654, 656 [1996]).

Douglas Elliman has no cause of action against the Glossermans for tortious interference with its co-brokerage agreement with Corcoran (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *cf. Lansco Corp. v Strike Holdings LLC*, 90 AD3d 427 [2011]), since it cannot show, inter alia, damages, as it was not the procuring cause of the ultimate purchase (*see Israel v Wood Dolson Co.*, 1 NY2d 116, 120 [1956]). Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.