■ TERENCE J. COLGAN et al., Appellants, v JOSEPH F. COLGAN, Respondent. [941 NYS2d 258]—

In an action, inter alia, to rescind a life estate agreement, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 5, 2011, which denied, as premature, their motion for summary judgment on their cause of action to rescind a life estate agreement and to strike the defendant's counterclaims and affirmative defenses, and granted the defendant's cross motion for an order of preclusion to the extent of directing the plaintiffs to amend their bill of particulars to include full and complete responses to item numbers 1, 2, 4, 6, 7, 8, and 10 of the defendant's demand for a bill of particulars, and to submit to depositions.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for an order of preclusion to the extent of directing the plaintiffs to amend their bill of particulars to include a full and complete response to item number 10 of the defendant's demand for a bill of particulars and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant.

Under the circumstances of this case, the Supreme Court

properly denied, as premature, the plaintiffs' motion for summary judgment on their cause of action to rescind a life estate agreement and to strike the defendant's counterclaims and affirmative defenses (*see Groves v Land's End Hous. Co.*, 80 NY2d 978, 980 [1992]; *McGlynn v Palace Co.*, 262 AD2d 116, 117 [1999]). A preliminary conference order specifically provided that, unless the court directed otherwise, motions for summary judgment were not to be made until completion of discovery and that a summary judgment motion would not stay discovery. The plaintiffs, however, moved for summary judgment prior to the completion of discovery. The plaintiffs have failed to fully comply with the discovery directed in the preliminary conference order (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 18 AD3d 713, 715 [2005]). No depositions have been conducted in the action, and the defendant is still seeking discovery as to the factual basis for the allegations asserted against him.

Furthermore, while the Supreme Court properly granted the defendant's cross motion for an order of preclusion to the extent of directing the plaintiffs to amend their bill of particulars to include full and complete responses to item numbers 1, 2, 4, 6, 7, and 8 of the defendant's demand for a bill of particulars, it erred in directing the plaintiffs to provide a full and complete response to item number 10 of the defendant's demand for a bill of particulars. Item number 10 relates to paragraph 7 of the complaint, which was neither denied nor admitted in the defendant's answer. Since silence in a responsive pleading is deemed an admission, the defendant effectively admitted the allegations contained in paragraph 7 of the complaint (*see* Siegel, NY Prac § 221, at 379 [5th ed]). As the plaintiffs no longer have any burden of proof with respect to the allegations contained in paragraph 7 of the complaint, they need not furnish particulars with respect to that allegation (*see Northway Eng'g v Felix Indus.*, 77 NY2d 332, 336 [1991]).

The plaintiffs' remaining contention is without merit. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.