■ CAPIN & ASSOCIATES, INC., Respondent, v 599 WEST 188TH STREET INC. et al., Defendants, and PR 599 WEST 188 LLC et al., Appellants. [33 NYS3d 193]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 18, 2015, which, to the extent appealed from as limited by the briefs, denied defendants PR 599 West 188 LLC, Nathaniel Rahav, Joan Price and Michael Rahav's (collectively, the Rahav defendants) motion to dismiss the ninth

and tenth causes of action as against them, unanimously modified, on the law, to grant the motion as to the ninth cause of action, and otherwise affirmed, without costs.

With respect to the allegations of the tenth cause of action that defendants "tortiously conspired together to defeat the Plaintiff's claim to its Commission on the transaction at issue," New York does not recognize an independent cause of action for conspiracy to commit a civil tort (*see Loeb Partners Realty v Sears Assoc.*, 288 AD2d 110, 111 [1st Dept 2001]). Nevertheless, plaintiff has a cause of action against the Rahav defendants for tortious interference with contract (*see e.g. Lansco Corp. v Strike Holdings LLC*, 90 AD3d 427 [1st Dept 2011]). The complaint alleges that the Rahav defendants were aware of plaintiff's brokerage agreement with the Gazivoda defendants, that they procured the Gazivoda defendants' breach of the agreement, and that such breach resulted in plaintiff's loss of commission (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Accordingly, we sustain the tenth cause of action as against the Rahav defendants as a claim for tortious interference with contract.

The complaint fails, however, to state a cause of action against the Rahav defendants for fraudulent misrepresentation. Assuming the truth of the allegations that the Rahav defendants misrepresented to plaintiff that they were not interested in purchasing the subject property from plaintiff's clients, the complaint fails to allege any specific detrimental reliance by plaintiff on this misrepresentation, inasmuch as plaintiff could not have compelled the Rahav defendants to speak with plaintiff. We therefore modify the order appealed from to dismiss the ninth cause of action as against the Rahav defendants. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.