Astro Kings, LLC v Scannapieco (2020 NY Slip Op 03637)





Astro Kings, LLC v Scannapieco


2020 NY Slip Op 03637


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-03166
 (Index No. 607027/18)

[*1]Astro Kings, LLC, appellant, 
v
Edward J. Scannapieco, etc., defendant, Silvio Sports, Inc., etc., et al., respondents (and an interpleader action). Andrew M. La Bella, Scarsdale, NY, for appellant.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne and Joseph R. Bjarnson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract and tortious interference with prospective business relations, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 4, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Silvio Sports, Inc., and Dennison Silvio which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, the owner of certain commercial real property located in Rockville Centre, commenced this action against, among others, the defendants Silvio Sports, Inc., and Dennison Silvio (hereinafter together the Silvio defendants), alleging that the Silvio defendants tortiously interfered with a lease between the plaintiff and its tenant, Rockville Centre Spa Corp., and tortiously interfered with the plaintiff's prospective business relations. The Supreme Court, inter alia, granted that branch of the Silvio defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff appeals.
We agree with the Supreme Court's determination that the Silvio defendants were entitled to summary judgment dismissing the cause of action to recover damages for tortious interference with contract asserted against them. The elements of a cause of action to recover damages for tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808; Kimso Apts., LLC v Rivera, 180 AD3d 1033; Nero v Fiore, 165 AD3d 823, 825). The plaintiff must also establish that the defendant intentionally procured the breach of contract "without justification" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; see Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d at 808). Here, the Silvio defendants established, prima facie, that they did not intentionally induce or procure any breach of the lease. In opposition, the plaintiff failed to raise a triable issue of fact (see generally [*2]Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Moreover, we agree with the Supreme Court's determination that the Silvio defendants were entitled to summary judgment dismissing the cause of action to recover damages for tortious interference with prospective business relations asserted against them. To succeed on this cause of action, a plaintiff must demonstrate, inter alia, that the defendant's interference was accomplished by "wrongful means" or that the defendant acted "for the sole purpose of harming" the plaintiff (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585; see Carvel Corp. v Noonan, 3 NY3d 182, 190; NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621; Caprer v Nussbaum, 36 AD3d 176, 204). "Wrongful means include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191 [internal quotation marks omitted]; see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d at 586). Here, the Silvio defendants established, prima facie, that to the extent that any of their conduct may have interfered with the plaintiff's prospective business relations, there were no "wrongful means" employed by them, nor did they act for the sole purpose of harming the plaintiff (see Carvel Corp. v Noonan, 3 NY3d at 190; MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040; Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d 739, 741). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the Silvio defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
We decline the Silvio defendants' request for an award of attorneys' fees, costs, and sanctions pursuant to 22 NYCRR 130-1.1 in connection with this appeal.
RIVERA, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court