Laura Andrew, Inc. v Holub Enters., Inc. (2021 NY Slip Op 01758)





Laura Andrew, Inc. v Holub Enters., Inc.


2021 NY Slip Op 01758


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-05008
 (Index No. 602520/16)

[*1]Laura Andrew, Inc., respondent, 
v
Holub Enterprises, Inc., et al., defendants, DLRA Group, LLC, appellant.


Richman & Levine, P.C., Garden City, NY (Ira W. Seligman of counsel), for appellant.
Solomon & Cramer LLP, New York, NY (Andrew T. Solomon of counsel), for respondent.



DECISION & ORDER
In an action to foreclose two mortgages, the defendant DLRA Group, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 22, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated March 20, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant DLRA Group, LLC, and for an order of reference, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant DLRA Group, LLC, and for an order of reference are denied as premature, with leave to renew upon the completion of discovery, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated March 20, 2017, is modified accordingly.
In January 2005, the defendants Holub Enterprises, Inc. (hereinafter Holub Enterprises), Richard L. Holub, and Elizabeth L. Holub (hereinafter collectively the borrowers) executed a promissory note in favor of the plaintiff in the sum of $850,000. The note was secured by a purchase money mortgage encumbering certain real property located in East Hampton (hereinafter the property). A deed conveying the property from the plaintiff to Holub Enterprises was recorded with the Suffolk County Clerk in February 2005. In September 2006, Holub Enterprises and Richard L. Holub (hereinafter together the Holub defendants) executed a note in the sum of $30,000 in favor of the plaintiff in exchange for a commercial loan in that amount. That note was secured by a second mortgage on the property, which was recorded with the Suffolk County Clerk in October 2006. The borrowers allegedly defaulted on the first mortgage by failing to pay the principal and interest due on the maturity date of February 1, 2010. The Holub defendants allegedly defaulted on the second mortgage by failing to pay the principal and interest due on the maturity date of February 10, 2010.
In June 2011, nonparty DL Rothberg & Associates, P.C., a law firm which represented the Holub defendants in an unrelated civil action (hereinafter the law firm), obtained a judgment in the total sum of $349,917.74 against the Holub defendants for unpaid legal fees which had accrued since January 2006. The judgment was subsequently assigned to the defendant DLRA Group, LLC (hereinafter DLRA), which purchased the property at a public auction held by the Suffolk County Sheriff in July 2015.
In February 2016, the plaintiff commenced this action to foreclose the first and second mortgages against, among others, the borrowers and DLRA. DLRA interposed an answer, raising, inter alia, an affirmative defense that the plaintiff had colluded with the borrowers to conceal assets from the Holub defendants' creditors by encumbering the property with allegedly fraudulent mortgages. The plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against DLRA and for an order of reference. DLRA opposed the motion, arguing, inter alia, that the motion was premature as there had not yet been any discovery exchanged between the parties.
In an order dated March 20, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against DLRA and for an order of reference. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated January 22, 2018, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the property. DLRA appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Palacio, 187 AD3d 693, 695). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgages, the unpaid notes, and evidence of the default of the borrowers and the Holub defendants on the mortgages (see Bank of N.Y. v C & L Interiors, Inc., 168 AD3d 800, 801, 802).
However, in opposition, DLRA established that it would be premature to award summary judgment to the plaintiff. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Ramirez v McAllister, 117 AD3d 932, 933; see Colgan v Colgan, 94 AD3d 689, 690). "CPLR 3212(f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated" (TD Bank, N.A. v 126 Spruce St., LLC, 117 AD3d 716, 716-717 [internal quotation marks omitted]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (Gardner v Cason, Inc., 82 AD3d 930, 931 [internal quotation marks omitted]). Here, DLRA sufficiently demonstrated that facts may exist, but have not yet been disclosed, to support its defense that the plaintiff encumbered the property with fraudulent mortgages, without seeking to foreclose until after DLRA purchased the property, so as to conceal the Holub defendants' assets from creditors. Thus, it would be premature to award summary judgment to the plaintiff prior to any discovery (see Vukel v Joan DiGirolomo Irrevocable Tr., 172 AD3d 951, 953; TD Bank, N.A. v 126 Spruce St., LLC, 117 AD3d 716, 717).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied, as premature, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against DLRA and for an order of reference, with leave to renew upon the completion of discovery.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court