City RE Group, LLC v 2633 Ocean Realty, LLC (2023 NY Slip Op 05586)

City RE Group, LLC v 2633 Ocean Realty, LLC

2023 NY Slip Op 05586

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-03730
 (Index No. 514353/18)

[*1]City RE Group, LLC, respondent, 
v
2633 Ocean Realty, LLC, et al., defendants, 2633 Ocean Avenue, LLC, et al., appellants.

Tsyngauz & Associates, P.C., New York, NY (Steven N. Gordon of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover a real estate brokerage commission, the defendants 2633 Ocean Avenue, LLC, Mikhail Sorkin, and Natasha Sorkin appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 27, 2021. The order denied those defendants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants 2633 Ocean Avenue, LLC, Mikhail Sorkin, and Natasha Sorkin, in effect, for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff commenced this action, inter alia, to recover a real estate brokerage commission against, among others, the defendants 2633 Ocean Avenue, LLC, Mikhail Sorkin, and Natasha Sorkin (hereinafter collectively the Sorkin defendants). The Sorkin defendants moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 27, 2021, the Supreme Court denied the motion. The Sorkin defendants appeal.
The Supreme Court should have granted that branch of the Sorkin defendants' motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract against Mikhail and Natasha (hereinafter together the Sorkins). "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Here, the Sorkin defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing this cause of action by establishing, prima facie, that the Sorkins did not procure any breach of a contract (see Astro Kings, LLC v Scannapieco, 185 AD3d 537, 538). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also should have granted that branch of the Sorkin defendants' motion which was for summary judgment dismissing the cause of action to recover in quantum [*2]meruit insofar as asserted against them. "[T]o recover a real estate brokerage commission, [a] broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the [transaction]" (Commercial Realty Servs. of Long Is., Inc. v Mehran Enters., Ltd., 194 AD3d 1008, 1010 [internal quotation marks omitted]; see Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d 507, 508). To recover in quantum meruit, the broker must be a procuring cause of the transaction (see Capin & Assoc., Inc. v Herskovitz, 194 AD3d 565, 566; Dagar Group v Hannaford Bros. Co., 295 AD2d 554, 555). Here, the Sorkin defendants demonstrated, prima facie, that the plaintiff's sole efforts consisted of some brief contacts with the sellers and the Sorkin defendants, and that after the sellers rejected the offers obtained by the plaintiff from the Sorkin defendants, no further negotiations took place between the plaintiff and the sellers regarding a possible sale to the Sorkin defendants. Subsequently, the sellers negotiated a sale of the subject property to the Sorkin defendants through a different broker, and the sale was consummated. Consequently, the Sorkin defendants established, prima facie, that the plaintiff was "not the direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction of the sellers to the buyers and the consummation of the sale" (Mollyann, Inc. v Demetriades, 206 AD2d 415, 416). In opposition, the plaintiff failed to raise a triable issue of fact.
Further, the Supreme Court should have granted that branch of the Sorkin defendants' motion which was, in effect, for summary judgment dismissing the cause of action alleging fraud insofar as asserted against them. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). Here, the Sorkin defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fraud cause of action insofar as asserted against them. Even if the Sorkin defendants misrepresented to the plaintiff that they were no longer interested in purchasing the subject property, there could be no "specific detrimental reliance by plaintiff on this misrepresentation, inasmuch as plaintiff could not have compelled the [Sorkin defendants] to speak with plaintiff" (Capin & Assoc., Inc. v 599 W. 188th St. Inc., 139 AD3d 634, 635). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the Sorkin defendants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court