Happy 8 Realty Corp. v Great World Realty, LLC (2025 NY Slip Op 02575)

Happy 8 Realty Corp. v Great World Realty, LLC

2025 NY Slip Op 02575

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2021-02671
2021-04802
 (Index No. 719811/18)

[*1]Happy 8 Realty Corp., appellant, 
v
Great World Realty, LLC, et al., respondents, et al., defendant.

Rosen Law, LLC, Great Neck, NY (Gary Rosen and Joseph G. Noonan of counsel), for appellant.
Belkin Burden Goldman, LLP, New York, NY (Jay B. Solomon and Magda L. Cruz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover a real estate brokerage commission, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 12, 2021, and (2) a judgment of the same court entered June 2, 2021. The order granted the motion of the defendants Great World Realty, LLC, 136-16 Roosevelt Ave., LLC, and Lian Wu Shao for summary judgment dismissing the complaint insofar as asserted against them. The judgment, upon the order, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendants Great World Realty, LLC, 136-16 Roosevelt Ave., LLC, and Lian Wu Shao for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint insofar as asserted against those defendants is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In December 2018, the plaintiff, a licensed real estate broker, commenced this action, inter alia, to recover a real estate brokerage commission pursuant to terms of certain alleged oral brokerage agreements. On February 4, 2020, the plaintiff and the defendants Great World Realty, LLC, 136-16 Roosevelt Ave., LLC, and Lian Wu Shao (hereinafter collectively the defendants) entered into a "stipulation to complete discovery and extend [the] note of issue," which was so-ordered by the Supreme Court (hereinafter the so-ordered stipulation). The so-ordered stipulation, among other things, set forth certain dates proposed by the plaintiff for the depositions of six [*2]witnesses, with the first deposition scheduled to occur on February 20, 2020.
On February 19, 2020, prior to conducting the depositions listed in the so-ordered stipulation, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the defendants submitted, among other things, an affidavit or an affirmation from four of the witnesses identified in the so-ordered stipulation. The plaintiff opposed the motion, contending, inter alia, that the motion was premature because discovery had not yet been completed. In an order entered April 12, 2021, the Supreme Court granted the defendants' motion. Thereafter, a judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"[T]o recover a real estate brokerage commission, [a] broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale" (Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d 507, 508 [internal quotation marks omitted]; see City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d 653, 654). "To recover in quantum meruit, the broker must be a procuring cause of the transaction" (City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d at 654; see Capin & Assoc., Inc. v Herskovitz, 194 AD3d 565). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, among other things, that the plaintiff was not the procuring cause of the sale of the subject property (see City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d at 654; Capin & Assoc., Inc. v Herskovitz, 194 AD3d at 565-566).
However, in opposition, the plaintiff established that it would be premature to award summary judgment to the defendants. "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 AD3d 956, 956; see CPLR 3212[f]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (Laura Andrew, Inc. v Holub Enters., Inc., 192 AD3d 996, 998 [internal quotation marks omitted]; see TD Bank, N.A. v 126 Spruce St., LLC, 117 AD3d 716, 717). Here, the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them was made shortly after the parties entered into the so-ordered stipulation and before any of the depositions listed in that stipulation had been held. Moreover, the plaintiff sufficiently demonstrated that further discovery might lead to relevant evidence pertaining to the sale of the property (see Tarasiuk v Levoritz, 216 AD3d 1031, 1035; Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310; see also Colgan v Colgan, 94 AD3d 689, 690).
Accordingly, the Supreme Court should have denied, as premature, the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court